IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRIZNEL, S.A. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 13 – 2830 |
| | § | ADMIRALTY |
| M/V MSC GENEVA, *etc., et al*. | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Criznel, S.A. files this Original Complaint against Defendants, the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF, *in rem*, and Beteiligungs KG ms 'Buxwave' Verwaltungs und Bereederungs GmbH & Co. ("Buxwave"), Global Ship Lease 12 Ltd. ("Global") and Compañia Libra de Navegacion (Uruguay) S.A. ("Libra"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a foreign business entity organized under law in Uruguay with its principal place of business in Montevideo.

3. At all times material, Buxwave owned, managed and/or operated the M/V MSC GENEVA as a common carrier of goods by water for hire between various ports,

including the Ports of Norfolk, Virginia, Caucedo, Dominican Republic, Puerto Cabello, Venezuela and Houston. Buxwave is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Buxwave is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Buxwave may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Buxwave has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Buxwave is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Buxwave with a summons is effective to establish personal jurisdiction over it. Buxwave can be served at its home office in care of NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Harburger Strasse 47–51, 21614 Buxtehude, Germany.

4. At all times material, Global owned, managed and/or operated the M/V CMA CGM CHATEAU D'IF as a common carrier of goods by water for hire between

various ports, including the Ports of Norfolk, Caucedo, Puerto Cabello and Houston. Global is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Global is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Global may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Global has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Global is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Global with a summons is effective to establish personal jurisdiction over it. Global can be served at its home office in care of CMA CGM S.A. (The French Line), 4, quai d'Arenc, 13002 Marseille, France.

5. At all times material, Libra chartered, managed and/or operated the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF, as a common carrier of goods by water for hire between various ports, including the Ports of Norfolk, Caucedo, Puerto

Cabello and Houston. Libra is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Libra is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Libra may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Libra has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Libra is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Libra with a summons is effective to establish personal jurisdiction over it. Libra can be served at its home office, Juncal 1385, Piso 5. Montevideo, CP 11000, Uruguay.

  6. On or about August 12, 2012, Plaintiff's shipper tendered in good order and condition to Buxwave and Libra at Norfolk a containerized cargo of bags of corn gluten meal. Buxwave and Libra agreed safely to receive, load, stow, secure, carry, discharge and deliver the cargo at Puerto Cabello in the same good order and condition as when

4

received, in consideration of paid freight charges. Buxwave and Libra acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at New Jersey various bills of lading, including Bill of Lading No. KUABK4700, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V MSC GENEVA.

7.  Thereafter, on or about August 26, 2012, the M/V MSC GENEVA arrived at Caucedo where: (a) Buxwave and Libra transshipped the cargo to the M/V CMA CGM CHATEAU D'IF, and (b) Global and Libra acknowledged receipt of the cargo and, in accordance therewith, issued one or more bills of lading for the cargo.

8.  On or about September 25, 2012, the M/V CMA CGM CHATEAU D'IF arrived at Puerto Cabello where Global and/or Libra later discharged the cargo not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, contaminated, decomposed, stained, moldy, musty, mildewed, soaked, sodden, damp, rotten, infested, and/or otherwise physically damaged or lost. The damages and loss proximately resulted from Defendants' acts and/or omissions constituting unreasonable deviation from the contract of carriage, negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF.

9. Plaintiff proximately has sustained damages exceeding $146,095.10 plus interest dating from August 12, 2012, demand for which has been made upon Defendants but which they refuse to pay.

10. At all times material, Plaintiff owned the cargo and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer, that is or may become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Criznel, S.A. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF, their respective engines, tackle, apparel, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; they have judgment for their damages, interest, and costs; the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V MSC GENEVA and M/V CMA CGM CHATEAU D'IF, *in rem*, and Beteiligungs KG ms 'Buxwave' Verwaltungs und Bereederungs GmbH & Co., Global Ship Lease 12 Ltd. and Compañia Libra de Navegacion (Uruguay) S.A., *in personam*, jointly and severally, are liable to Plaintiffs for theirs damages and attorney fees as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone: (713) 864–2221
Facsimile: (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF